UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.181.110,<br><br>Defendant. | Case No.: 23cv288-LL (MSB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [ECF No. 4]** |
|---|---|

On February 21, 2023, Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed an "Ex-Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference" ("Ex Parte Application"). (ECF No. 4.) Plaintiff seeks to subpoena Defendant John Doe's Internet Service Provider ("ISP") Spectrum for "limited, immediate discovery . . . so that Plaintiff may learn Defendant's identity, further investigate Defendant's role in the infringement, and effectuate service." (ECF No. 4-1 at 7.) Because Defendant has not been identified, no opposition or reply briefs have been filed. For the reasons discussed below, the Ex Parte Application is **GRANTED.**

**I.   BACKGROUND**

Plaintiff owns the copyrights to multiple collections of adult motion pictures. (ECF No. 4-1 at 8.) On February 14, 2023, Plaintiff filed a Complaint alleging that Defendant

John Doe, an internet subscriber assigned Internet protocol ("IP") address 70.95.181.110, has been using the BitTorrent protocol to download and distribute 24 of Plaintiff's copyrighted works over an extended period of time. (ECF No. 1 at 2.) Plaintiff alleges it used its proprietary forensic software, VXN Scan, to discover that Defendant's IP address was illegally distributing Plaintiff's copyrighted motion pictures. (ECF No. 4-1 at 7; ECF No. 4-2 at 20-22.)

On February 21, 2023, Plaintiff filed the instant Ex Parte Application requesting leave to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Defendant's ISP, Spectrum. (ECF No. 4-1 at 7.) Plaintiff's subpoena only asks for the name and address of the IP subscriber and Plaintiff "will only use this information to prosecute the claims made in its Complaint." (Id. at 8.) Plaintiff further claims that "[w]ithout this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights." (Id.)

## II.   LEGAL STANDARD

Generally, formal discovery is not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). In rare situations, however, courts have made exceptions "permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Courts in the Ninth Circuit permit early discovery when a plaintiff has established "good cause." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "Good cause" is established "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

The Ninth Circuit permits the use of discovery to ascertain the identifies of unknown defendants, "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C

D63C23C91, Civil No. 12cv00186 MMA(RBB), 2012 WL 12884688 (S.D. Cal. May 8, 2012) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." Columbia Ins. Co., 185 F.R.D. at 578.

District Courts in the Ninth Circuit typically apply a three-factor test when considering motions for early discovery to identify Doe defendants.  Id. at 578–80.  First, the moving party should be able to "identify the missing party with sufficient specificity [] that the Court can determine that [the] defendant is a real person or entity who could be sued in federal court." Id. at 578.  Second, the movant "should identify all previous steps taken to locate the elusive defendant" to ensure "that [the movant has made] a good faith effort to comply with the requirements of the service of process and specifically identifying defendants." Id. at 579.  Third, the plaintiff "should establish that its lawsuit could withstand a motion to dismiss." Id.; see also Gillespie, 629 F.2d at 642 (stating early discovery to identify unknown defendants should be permitted unless the complaint would be dismissed on other grounds).

In addition to satisfying all three factors, plaintiff should provide "reasons justifying the specific discovery requested [and] identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." Columbia Ins. Co., 185 F.R.D. at 580; see also Gillespie, 629 F.2d at 642 (explaining that early discovery is precluded if it is not likely to provide the identity of the defendant).  These safeguards are intended to ensure that early discovery "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent the use of this method to harass or intimidate." Columbia Ins. Co., 185 F.R.D. at 578.

///

///

### III. ANALYSIS

The Cable Privacy Act prohibits a cable operator from disclosing "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned[.]" 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose the information if the disclosure is made pursuant to a court order and the cable operator notifies the subscriber of the order. 47 U.S.C. § 551(c)(2)(B). A cable operator is "any person or group of persons" who "provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system," or "otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

Spectrum is a cable operator, and the information Plaintiff seeks falls within the exception to the Cable Privacy Act's disclosure prohibition. See 47 U.S.C. §551(c)(2)(B). Accordingly, if Plaintiff satisfies the multi-factor test used by district courts to determine whether early discovery is warranted, Defendant's ISP may disclose the requested information pursuant to this Court's order.

#### A.  Plaintiff Has Identified Defendant with Sufficient Specificity

Plaintiff must identify Defendant with enough specificity to allow the Court to determine that Defendant is a real person or entity, subject to the jurisdiction of this Court. See Columbia Ins. Co., 185 F.R.D. at 578. "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." 808 Holdings, LLC, 2012 WL 12884688, at *4.

Here, Plaintiff's infringement detection system, VXN, is used to identify IP addresses used by individuals infringing on Plaintiff's movies through the BitTorrent protocol. (ECF No. 4-2 at 9-15.) The VXN system identified Defendant's IP address 70.95.181.110 uploading a piece or pieces of Plaintiff's copyrighted films "in a

transaction initiated on 01/10/2023 16:34:50 UTC." (ECF No. 4-2 at 19-22.) Further, the functions that Plaintiff accuses Defendant of using require human operation. See Christopher Civil, Mass Copyright Infringement Litigation: Of Trolls, Pornography, Settlement and Joinder, 30 Syracuse J. Sci. & Tech. L. 2, 12 (2014) ("BitTorrent transfers do not involve a centralized server that hosts or transfers the data files in question. Instead, BitTorrent involves users interacting directly with other users to upload and download the content."). Accordingly, Plaintiff has established that an actual human was involved in the downloading and sharing of Plaintiff's allegedly infringed works.

Plaintiff also used the Maxmind database of IP address information to identify both the Internet Service Provider, Spectrum, and the city and state where the IP address 70.95.181.110 is used. (ECF No. 4-2 at 14.) Therefore, Plaintiff has demonstrated with sufficient specificity that Defendant is a real person or entity, likely subject to the jurisdiction of this Court. See Crim. Prods., Inc. v. Doe-72.192.163.220, Case No. 16-cv-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016) (holding that the sufficient specificity threshold is satisfied when the IP address identified by Maxmind geolocation services identifies a physical location within the court's jurisdiction).

### B. Plaintiff Made a Good Faith Effort to Identify Defendant

Plaintiff must also demonstrate that it has taken previous steps to locate and serve the Defendant. See Columbia Ins. Co., 185 F.R.D. at 579. Plaintiff maintains it diligently attempted to identify Defendant by searching for Defendant's IP address "on various web search tools, including basic search engines like www.google.com," but does not submit evidence supporting this claim. (ECF No. 4-1 at 14.) It further conducted its own research to identify Defendant by "legislative reports, agency websites, information technology guides, governing case law, etc." (Id.) Despite these efforts, Plaintiff was unable to identify Defendant's identity from the IP address. The Court therefore finds that Plaintiff has made a good faith effort to identify, locate, and serve Defendant. See Malibu Media, LLC v. John Does 1 through 6, Civil No. 12–cv–

1355–LAB (DHB), 2012 WL 4471538, at *3 (S.D. Cal. Sept. 26, 2012) (finding plaintiff's efforts to identify Doe defendant's identity were sufficient where "there is no other way for Plaintiff to obtain Defendants' identities, except by serving a subpoena on Defendants' ISPs demanding it"); see also Digital Sin, Inc. v. Does 1-5698, No. C 11-04397 LB, 2011 WL 5362068, at *2 (N.D. Cal. Nov. 4, 2011) (finding plaintiff's attempts to identify and locate defendant sufficient, where the plaintiff "investigated and collected data on unauthorized distribution of copies of the [alleged infringed work] on BitTorrent-based peer-to-peer networks").

### C.  Plaintiff's Suit Could Withstand a Motion to Dismiss

Plaintiff must further show that the Complaint could withstand a motion to dismiss.  See Columbia Ins. Co., 185 F.R.D. at 579.  As relevant here, a claim may be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, lack of personal jurisdiction, or for failure to state a claim. See Fed. R. Civ. P. 12(b)(1), (2), (6).  As to both subject matter and personal jurisdiction, Plaintiff has alleged sufficient facts to survive a motion to dismiss.  For subject matter jurisdiction, Plaintiff's Complaint alleges that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1338 (jurisdiction over copyright actions)."  (ECF No. 1 at 2.)  Regarding personal jurisdiction, Plaintiff has identified Defendant's IP address associated with the alleged infringing downloading and copying, and traced it to a physical address in San Diego, California.  (ECF No. 4-2 at 29.)  This location is within the geographical boundaries of this district. Thus, it appears the Complaint can withstand a motion to dismiss for lack of personal jurisdiction because Defendant's IP address can be traced to this district.

Lastly, a suit may be dismissed pursuant to Rule 12(b) for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Plaintiff's Complaint alleges a single cause of action for direct copyright infringement. (ECF No. 1 at 7-9). Thus, Plaintiff must satisfy two requirements to present a prima facie case of direct copyright infringement: "(1) ownership of a valid copyright; and (2) that the defendant violated

the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004). Here, Plaintiff alleges that it is the copyright owner of the adult motion pictures that are the subject of this suit. (ECF No. 1 at 7.) Plaintiff also alleges Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures without authorization, permission, or consent. (Id.) Assuming Plaintiff's allegations are true, they state a claim on which relief can be granted. See A&M Recs., Inc. v. Napster, Inc., 239 F.3d 1004, 1013–14 (9th Cir. 2001) (finding plaintiffs sufficiently demonstrated ownership and infringement by showing Napster allowed its users to download copyrighted music, and more than seventy percent of which was owned or administered by the plaintiffs); see also Malibu Media, LLC v. Doe, Case No. 16CV1916-GPC(JMA), 2016 WL 6216183, at *2 (S.D. Cal. Oct. 25, 2016) (holding plaintiff alleged a prima facie case of copyright infringement by alleging that plaintiff owned twelve copyrighted movies at issue, and that defendant infringed plaintiff's copyrights by copying and distributing plaintiff's movies through the BitTorrent network without plaintiff's permission). Therefore, Plaintiff has sufficiently alleged a prima facie claim of copyright infringement which could withstand a motion to dismiss.

### D. Whether Requested Discovery Will Lead to Identifying Information

Lastly, the Plaintiff must prove that the requested discovery is likely to lead to identifying information. As discussed above, Plaintiff's forensic investigation directly connected Defendant's IP address 70.95.181.110 to the alleged infringements, and the only entity that can identify Defendant based on this information is Spectrum. (ECF No. 4-2 at 22.) Although the owner of the IP address may not be the actual infringer, the forensic investigation and the Complaint identifies Defendant as the owner of the IP address 70.95.181.110. Accordingly, if Spectrum provides Plaintiff with Defendant's name and address, this will likely lead to information making it possible for Plaintiff to effectuate service on Defendant.

///

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has demonstrated good cause to conduct early discovery and **GRANTS** the Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 4] as follows:

1. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Spectrum, seeking only the name and address of the subscriber assigned to the IP address 70.95.181.110. Plaintiff may not subpoena additional information about the subscriber;

2. Plaintiff may only use the disclosed information to protect its copyrights in the instant litigation;

3. Within fourteen (14) calendar days after service of the subpoena, Spectrum shall notify the subscriber assigned the IP address 70.95.181.110 that his, her, or its identity has been subpoenaed by Plaintiff;

4. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of the notice to challenge the disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena;

5. If Spectrum wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, Spectrum shall preserve the information sought by Plaintiff in the subpoena pending resolution of the motion or challenge;

6. Plaintiff shall serve a copy of this Order with any subpoena obtained and served to Spectrum pursuant to this Order;

7. Spectrum must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

///

///

8. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: February 28, 2023

Honorable Michael S. Berg
United States Magistrate Judge